## J. T. RAMSEY *v.* CLARK & MONTGOMERY TPK. CO., ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—308.]

**Ignorance as Ground of an Estoppel.**

> While mere silence or acquiescence when in ignorance of one's rights will not work an estoppel, where one was present and acquiesced in the construction of a turnpike, knowing that the company believed that it was constructing the road on another's land, and asserted no claim of ownership thereof during such construction and for many years thereafter, the legal presumption being that he knew the boundary of his own land, it is incumbent on such a plaintiff to show that he was in ignorance of the fact that the land on which the turnpike was constructed belonged to him.

APPEAL FROM CLARK CIRCUIT COURT.

October 14, 1880.

OPINION BY JUDGE PRYOR:

The defense interposed was properly made. It is alleged that the

appellant was present when the contract of relinquishment was made and delivered to the company, and made no objection to the same, and also acquiesced in the construction, knowing that the company believed that they were constructing the turnpike on Fry's land, and that he asserted no claim of ownership during the entire period of its construction, nor during eight years of travel over it after its completion. The legal presumption is that appellant knew his own land as well as its boundary, and while mere silence or acquiescence when in ignorance of one's rights will not work an estoppel, we are inclined to conclude that upon the defense made it was incumbent on the appellant to show that he was in ignorance of the fact that the land on which the turnpike was constructed belonged to him. The record, in fact, shows that it is not embraced by the boundary contained in his deed, and the effort is made to recover in this case on the ground that the boundary of the land, as found in the conveyance, should be so changed as to give to the appellant the quantity of land purchased by him, thirty-nine acres.

As between the original grantor and the appellant, he may correct this mistake, but when a part of this land has been conveyed to another in ignorance of the mistake committed by the parties, the original grantee must be held to the boundary contained in his conveyance.

If the appellant insists that he had possession of the land at the time, and the conveyance by its boundary embraced the land, then he must, from the facts in this case, be presumed to have known that these parties were building a road on his land under a license from another, and his silence for so long a time will prevent him from asserting any claim.

*W. M. Buckner, John B. Houston, for appellant.*

*French & Tucker, for appellees.*

[Cited, *Wright v. Williams*, 25 Ky. L. 1377, 77 S. W. 1128.]